IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CIVIL ACTION NO. 01-3302 |
| | : | |
| v. | : | CRIMINAL ACTION NO. 98-495 |
| | : | |
| JAMES MATHIS | : | |

**MEMORANDUM AND ORDER**

**Kauffman, J.**                                                                                                   **June   29, 2005**

      Now before the Court is the pro se Petition of James Mathis ("Petitioner") for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2255 challenging the constitutionality of his conviction for distribution of cocaine base ("crack"), in violation of 21 U.S.C. § 841(a)(1); and possession with intent to distribute cocain base ("crack") and aiding and abetting the same, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2.  Because the Petition is untimely, it will be denied.

**I.      Factual Background**

      Petitioner pled guilty to the above offenses on November 23, 1998.  On June 13, 2000, the government filed a motion for departure based on limited assistance by Petitioner, requesting a minor departure from Petitioner's statutory mandatory minimum sentence of twenty years.  At the June 27, 2000 sentencing, the Court granted the motion, sentencing Petitioner to ten years incarceration.  Petitioner filed an untimely appeal ten months later on April 17, 2001 which was dismissed for lack of jurisdiction by the Third Circuit on November 9, 2001.

      Petitioner sent a letter to this Court in July of 2000.  On July 14, 2000 the Court ordered that Petitioner should inform the Court immediately, in writing, whether he wished to have this letter deemed a habeas corpus motion, or whether he would withdraw the pro se letter and file a new, all inclusive habeas corpus motion within the one year limit.  The Court further ordered that

if no written notification was received within thirty days of the date of the Order, the Court would presume that the pro se letter was withdrawn. Petitioner failed to provide notification to the Court and the letter was ordered withdrawn on August 16, 2000.

On June 28, 2001, Petitioner filed a pro se 2255 motion. On July 9, 2001 the Court ordered that the Clerk provide Petitioner with the correct 2255 forms, and that if there was no response within thirty days, the Court would rule on Petitioner's motion as filed. Petitioner did not respond, and on January 25, 2002, the Court dismissed the motion. On March 20, 2002 the Court ordered that the January 25, 2002 dismissal be vacated, and for the third time, that the appropriate 2255 forms be furnished to Petitioner. The Court further ordered that Petitioner complete these forms and return them within thirty days or else the action would be dismissed. Petitioner filed a 2255 motion on the correct forms for the first time on April 22, 2002, outside the thirty-day window. That 2255 was dismissed by the Court on April 29, 2002. Petitioner filed the present 2255 motion on May 17, 2002.[1]

## II.     Legal Standard

This case is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2255. The AEDPA places a one-year statute of limitations on the filing of § 2255 petitions to be calculated as follows:

The limitation shall run from the latest of

>   (1)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>   (2)   the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed if the movant was prevented from making a motion by

---

[1]     Petitioner did not properly docket the motion. On June 6, 2002, the Court directed the Clerk of the Court to docket the motion as of May 17, 2002.

      such governmental action;

(3)    the date on which the right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4)    the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

A federal prisoner's conviction becomes final when certiorari is denied or the time for filing a certiorari petition expires. See Griffin v. Kentucky, 479 U.S. 314, 321 n.6 (1987). If no timely appeal is taken, as in the present case, then the judgment is final ten days after the entry of judgment on the court's docket. See, e.g., United States v. Cabiness, 278 F. Supp. 2d 478, 483 (E.D. Pa. 2003); Kapral v. United States, 166 F.3d 565, 577 (3d Cir. 1999) (for the purposes of limitations period governing motions to vacate, if a defendant does not pursue a timely direct appeal to the Court of Appeals, his or her conviction and sentence become final, and the statute of limitation begins to run, on the date on which the time for filing such an appeal expired).

**III.    Analysis**

The Court lacks jurisdiction to hear the present motion because it is untimely and was filed many months after the expiration of the one year time period permitted by the AEDPA. Although Petitioner's first letter, if construed as a 2255 motion, may have been considered timely filed, it was dismissed as it did not comport with the standard for filing a 2255 motion and Petitioner did not notify the Court as ordered on July 14, 2000 of any intent to have this letter deemed a habeas corpus motion. All subsequent filings were untimely. Despite several earlier orders of the Court that Petitioner complete the appropriate forms, Petitioner filed a 2255 motion on the correct forms for the first time on April 22, 2002. That filing, which was subsequently

dismissed, was almost a year past the expiration of the AEDPA deadline.  Because Petitioner's present motion filed May 17, 2002 is also untimely, it will be denied.

**IV.**     **Conclusion**

For the foregoing reasons, Petitioner's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 will be denied.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CIVIL ACTION NO. 01-3302 |
| | : | |
| v. | : | CRIMINAL ACTION NO. 98-495 |
| | : | |
| JAMES MATHIS | : | |

## ORDER

**AND NOW**, this 29th day of June, 2005, upon consideration of Petitioner's Writ pursuant to 28 U.S.C. § 2255 (case no. 98-cr-495, docket no. 51), and the Government's response thereto (docket no. 58), it is **ORDERED** that:

(1)　The petition for writ of habeas corpus is **DENIED**.

(2)　The Clerk of the Court shall mark Civil Action No. 01-3302 **CLOSED**.

(3)　Because there is no probable cause to issue a certificate of appealability, no certificate of appealability shall issue.

BY THE COURT:


 S/Bruce W. Kauffman
 BRUCE W. KAUFFMAN, J.