IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES : | |
| : | CRIMINAL ACTION |
| v. : | |
| : | NO. 98-495 |
| JAMES MATHIS : | |

**MEMORANDUM AND ORDER**

**Kauffman, J.**                                                                                                          **March 18, 2008**

Now before the Court is the pro se Petition of James Mathis ("Petitioner") to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. For the reasons that follow, the Petition will be denied.

**I.      BACKGROUND**

On November 23, 1998, Petitioner pled guilty, as part of a plea agreement, to distribution of cocaine base, in violation of 21 U.S.C. § 841(a)(1), and possession with intent to distribute cocaine base and aiding and abetting the same, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. On June 27, 2000, the Court sentenced Petitioner to 120 months imprisonment. Petitioner filed an untimely appeal on April 17, 2001, which was dismissed for lack of jurisdiction by the Third Circuit on November 9, 2001. On April 22, 2002, Petitioner filed the instant Petition to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. The Court denied the Motion as untimely. On appeal, the Third Circuit vacated and remanded to this Court for consideration of the Petition on the merits.[1]

---

[1] On October 31, 2007, the Court granted Petitioner's request for appointment of counsel and appointed Albert J. Raman to represent Petitioner during habeas proceedings. No amended petition has been filed.

1

## II.  DISCUSSION

Petitioner argues that his sentence should be vacated on the following grounds: (1) his Superceding Indictment was not presented to the grand jury; (2) the Court lacks jurisdiction over this matter pursuant to the Erie Doctrine and "ex post facto laws;" (3) he was deprived of effective assistance of counsel; and (4) his sentence was illegal because 21 U.S.C. § 841(a)(1) is "unenacted."

The record before the Court reveals that on September 23, 1998, Petitioner was indicted by a grand jury with one count of distribution of more than five grams of cocaine base in violation of 21 U.S.C. § 841(a)(1).  See Indictment, Docket nos 1, 4.  On November 4, 1998, the grand jury returned a Superseding Indictment adding additional charges.  See Superseding Indictment, Docket no. 13.  Accordingly, Petitioner's argument that he was charged illegally is unsupported by the record.

Next Petitioner argues that the Court was without jurisdiction to adjudicate his criminal case because the indictment "failed to state or charge a federal criminal offense."  Petition, at 7.  In support of this claim, Petitioner invokes the Erie Doctrine and "ex post facto laws."  Petitioner was charged with and pled guilty to violating federal statutes prohibiting drug possession and distribution.  The doctrines Petitioner invokes have no relevance to this matter.  Because the Court properly exercised its jurisdiction, Petitioner's claim is without merit.

Petitioner further argues that he was charged and convicted illegally pursuant to Title 21, which he claims is "unenacted" and devoid of penalty provisions.  "The Comprehensive Drug Abuse Prevention and Control Act [i.e., Title 21] was indeed enacted and is constitutional, even when employed to prosecute offenders federally in states which have not expressly assented."

Posada v. United States, 2002 WL 663763, at *1 (E.D. Pa. Apr. 22, 2002) (citations omitted). Petitioner's contention therefore is unfounded.

Finally, Petitioner argues that his counsel was ineffective at all stages of the representation. In support of his claim, Petitioner argues, *inter alia*, that counsel "failed to file any dispositive motions," "failed to notify the District Court of various sentencing options," and "failed to challenge the illegal search and seizure of drugs from the apartment." Petition, at 14-16. A defendant claiming ineffective assistance of counsel must demonstrate (1) that counsel's performance fell below an objective standard of reasonableness, and (2) that counsel's deficient performance resulted in prejudice. Strickland v. Washington, 466 U.S. 668, 688-92 (1984). "It is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding." Id. at 693. In evaluating counsel's performance, the Court should be "highly deferential" and "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" Id. at 689 (citation omitted).

Petitioner's general and conclusory statements regarding the alleged deficiencies in his counsel's performance are insufficient to overcome the strong presumption that counsel's performance was reasonable. See Quiles Gonzalez v. United States, 2007 WL 2407288, at *4 (E.D. Pa. Aug. 20, 2007) ("when a petitioner fails to identify facts supporting his contention of ineffective assistance, but instead offers nothing more than bald assertions and conclusory allegations, he is not entitled to an evidentiary hearing under 28 U.S.C. § 2255."); United States v. Domian, 2007 WL 294088, at *5 (W.D. Pa. Jan. 29, 2007) ("A claim of ineffective assistance

must identify the specific errors counsel has made. Conclusory allegations are not sufficient to support a petition under Section 2255."). Petitioner has failed to identify the motions counsel allegedly failed to file or how such motions would have resulted in a more favorable outcome.

In order to prevail on an ineffective assistance claim on the basis of counsel's failure to object to an illegal search and seizure, Petitioner is required to show that a suppression motion would be meritorious. See Cohen v. Gillis, 2004 WL 1622026, at *4 (E.D. Pa. July 16, 2004) ("Where defense counsel's failure to litigate a Fourth Amendment claim competently is the principal allegation of ineffectiveness, the defendant must also prove that his Fourth Amendment claim is meritorious and that there is a reasonable probability that the verdict would have been different absent the excludable evidence in order to demonstrate actual prejudice."); United States v. Shugart, 1994 WL 175416, at *2 (7th Cir. May 6, 1994) ("Where the alleged error of counsel is a failure to file a suppression motion, the determination of whether the error "prejudiced" the defendant by causing him to plead guilty rather than to go to trial will depend on the likelihood of success of the motion."). The evidence before the Court reveals that a suppression motion would have been unlikely to succeed. As Petitioner acknowledged during the Change of Plea hearing, in a transaction monitored and recorded by the FBI, a cooperating witness made a direct purchase from Petitioner of an ounce of crack cocaine. While executing the arrest warrant at the home of Petitioner's girlfriend, the FBI and local police obtained consent to search the apartment, and discovered an additional amount of cocaine. After his arrest Petitioner gave a statement of admission. See Nov. 23, 1998 Change of Plea Hearing, at 24-26.[2]

---

[2] The Court:         Mr. Mathis, do you agree that Ms. Winter has accurately
                        summarized the facts?
    The Defendant:     Yes, your Honor.

Since Petitioner has failed to show that he would be entitled to a remedy of suppression, he cannot demonstrate that he suffered prejudice by entering a guilty plea. See United States v. Sanders, 165 F.3d 248, 253 (3d Cir. 1999) ("There can be no Sixth Amendment deprivation of effective counsel based on an attorney's failure to raise a meritless argument.").

Finally, the record reveals that defense counsel worked diligently and successfully to persuade the Government to file a motion for downward departure from the sentencing guidelines, although the Government was reluctant to do so. See Government's Response, at 15-17. In the absence of such a motion, Petitioner would have faced a 20-year sentence of imprisonment. Id. at 17. Instead, he received a reduced sentence of 120 months imprisonment. Petitioner has not demonstrated that his counsel was deficient at any stage of the representation. Accordingly, his ineffective assistance claim is without merit and will be denied.

### III.   CONCLUSION

For the foregoing reasons, the Petition will be dismissed. Because Petitioner has not made the requisite showing of the denial of a constitutional right, a certificate of appealability should not issue.

---

Nov. 23, 1998 Change of Plea Hearing, at 26.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES** | : | |
| | : | **CRIMINAL ACTION** |
| v. | : | |
| | : | NO. 98-495 |
| **JAMES MATHIS** | : | |

### ORDER

**AND NOW**, this 18th day of March, 2008, upon consideration of Petitioner James Mathis' Motion to Vacate, Set Aside, or Correct Sentence (docket nos. 51, 52), it is **ORDERED** that the Motion is **DENIED**.

BY THE COURT:

/s/ Bruce W. Kauffman
**BRUCE W. KAUFFMAN, J.**

6